UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MARY OSPINA,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

**COMES NOW,** the Plaintiff, MARY OSPINA, by and through the undersigned attorney, and sues the Defendant, NCL (BAHAMAS) LTD., a Foreign Profit Corporation, (hereinafter referred to as "NCL"), and alleges as follows:

1. That this is a cause of action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney's fees.

2. At all times material hereto, the Plaintiff, MARY OSPINA, (hereinafter referred to as "Plaintiff"), resides in Florida.

3. At all times material hereto, the Defendant NCL (BAHAMAS) LTD, (hereinafter referred to as "NCL"), is registered to do business in Florida with an address of 7665 Corporate Center Drive, Miami, Florida 33126, but is a foreign corporation.

## VENUE AND PERSONAL JURISDICTION

4. That on or about February 8, 2025, the Defendant, NCL, was a Foreign Corporation registered to do business in the State of Florida and maintained a permanent office for the transaction of business in Miami, Florida.

5. Venue is proper in the United States District Court Southern District of Florida, and the Defendant's passenger ticket contains a forum selection clause, which requires any action to be brought exclusively in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida.

6. Plaintiff has complied with all pre-suit requirements of the passenger ticket contract by providing NCL with a written detailed description of the circumstances of the incident that is the subject of this lawsuit in a letter dated March 5, 2025, mailed to NCL at Royal Caribbean's principal place of business.

7. On or about February 8, 2025, the Defendant, NCL, owned, operated, managed, supervised and controlled the ocean-going passenger vessel known as the *Norwegian Encore.*

8. On or about February 8, 2025, the Plaintiff was a fare-paying passenger aboard the *Norwegian Encore,* during a planned vacation.

9. While aboard the *Norwegian Encore* on February 8, 2025, the Plaintiff was utilizing a lounge chair on the pool deck provided by the Defendant, when suddenly and without warning, the lounge chair broke and the Plaintiff fell backwards.

10. The crew aboard the *Norwegian Encore* failed use reasonable care to design, inspect, maintain, and/or upkeep the subject lounge chair in a reasonably safe condition.

11. Furthermore, NCL, knew or should have known that this particular lounge chair would be frequented by passengers of the ship and should have used reasonable care to maintain the area in a condition that is reasonably safe for its intended use and free from defects that present an unreasonable risk of harm.

12. Further, NCL knew or should've known of the defective lounge chair as another passenger advised Plaintiff that her father had also sustained an injury due to the defective lounge chair after Plaintiff was injured.

### COUNT I - NEGLIGENCE AS TO NCL (BAHAMAS) LTD

Plaintiff incorporates paragraphs 1 through 12 as if fully set-forth and alleges as follows:

13. NCL owed a duty to its passengers, including MARY OSPINA, to use reasonable care under the circumstances, and specifically to design, inspect, maintain, and/or upkeep the subject lounge chair on the pool deck of the *Norwegian Encore,* in a reasonable and safe manner.

14. NCL breached its duty of care to MARY OSPINA and was negligent and careless in at least the following ways:

   a. Failing to provide safe lounge chairs aboard the vessel, including the lounge chair at issue;

   b. Failing to properly inspect and/or maintain the subject lounge chair on the deck by having crew personnel perform periodic inspection of the subject lounge chair and other chair in this area to ensure that they are safe, free from defect, and functioning properly;

   c. Failing to provide warning signs to passengers about the dangerous condition;

   d. Failing to properly maintain and keep the subject chair in a reasonably safe condition for its passengers;

   e. Failing to properly monitor the subject area for safety;

   f. Creating the dangerous condition of the subject area;

   g. Failure to use due care in maintaining the subject lounge chair;

   h. Failure to use due care in maintaining the subject area;

a. Failing to warn MARY OSPINA and other passengers of the hazardous and/or dangerous condition when NCL knew or should have known of the hazardous and/or dangerous condition;

b. Failing to remedy the dangerous and/or hazardous condition of which NCL knew or should have known;

c. Failing to discover the broken, malfunctioning, unsafe lounge chair in a timely manner;

d. Failing to develop, maintain, and utilize reasonable and proper safety policies, procedures and/or protocols to discover the broken, malfunctioning, unsafe lounge chair in a timely manner;

e. Failing to develop, maintain, and/or utilize reasonable and proper safety procedures and/or protocols for inspecting and/or maintaining the subject area and lounge chairs while passengers are aboard;

f. Failing to properly train and instruct agents, employees, staff, and/or crewmembers with regards to inspecting, identifying and/or removing defective and/or unsafe lounge chairs;

g. Failing to use appropriate lounge chairs on the deck; and

h. Failing to use reasonable care under the circumstances.

15. As a direct and proximate result of the Defendant, NCL's, negligence, the Plaintiff suffered losses, including but not limited to, bodily injury and resulting pain and suffering, disability disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, activation, aggravation, and/or

acceleration of pre-existing injury, loss of earnings and loss of ability to earn money. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

16. As a direct result of her injury, the Plaintiff has been forced to incur substantial medical bills; has suffered severe physical pain, mental suffering and anguish; has suffered permanent injury; has been prevented in the future and will be hindered from attending to her business and personal affairs.

**WHEREFORE**, the Plaintiff, MARY OSPINA, demands judgment for damages against the Defendant, NCL (BAHAMAS) LTD, in excess of the minimal jurisdictional limits of this Court, as well as pre-judgment and post-judgment interest, costs in bringing this action, and demands trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

The Plaintiff, MARY OSPINA, in the above-styled action, hereby demands a trial by jury on all of the issues so triable.

**DATED** this 2nd day of February, 2026.

*Counsel for Plaintiff*
/s/ Anthony Sariol, Esq.
Anthony Sariol, Esq.
Fla. Bar No. 1010317
GOLDBERG & ROSEN, P.A.

One Biscayne Tower, 2 South Biscayne Blvd, Suite 3650, Miami, FL 33131
T: 305-374-4200 | F: 305-374-8024